# Exhibit A

ELECTRONICALLY FILED - 2020 Dec 21 11:16 AM - YORK - COMMON PLEAS - CASE#2020CP4603900

STATE OF SOUTH CAROLINA
COUNTY OF YORK

HALEY ARELLANO and
MARCOS ARELLANO

              Plaintiffs

v.

CEDAR FAIR, L.P. d/b/a
CEDAR FAIR ENTERTAINMENT COM-
PANY d/b/a CAROWINDS; CEDAR FAIR
SOUTHWEST, INC.; BRIAN OERLING,
Individually and as Agent, Servant, and Em-
ployee of Carowinds; and
DIEGO DAVIS, Individually and as Agent,
Servant, and Employee of Carowinds

              Defendants.

IN THE COURT OF COMMON PLEAS
FOR THE 16TH JUDICIAL CIRCUIT

CIVIL CASE NO.:2020-CP-_____

**COMPLAINT**
**(Jury Trial Requested)**

---

Plaintiffs, complaining of Defendants above-named, hereby allege and plead as follows:

## PARTIES, JURISDICTION, AND VENUE

1.     On or about August 20, 2019, due to a dangerous, unsafe, defective and hazardous condition involving an amusement park attraction at the business and premises of Defendants, in York County, South Carolina, Plaintiff Haley Arellano suffered severe injuries.

2.     Plaintiff Haley Arellano is a citizen and resident of Mecklenburg County, North Carolina.

3.     Plaintiff Marcos Arellano is a citizen and resident of Mecklenburg County, North Carolina, and was and is the lawful spouse of Plaintiff Haley Arellano.

1

ELECTRONICALLY FILED - 2020 Dec 21 11:16 AM - YORK - COMMON PLEAS - CASE#2020CP4603900

4.    Cedar Fair, L.P. d/b/a Cedar Fair Entertainment Company d/b/a Carowinds (hereinafter "Carowinds Defendants") is engaged in the business of owning, operating, constructing, installing, preparing, servicing, inspecting, maintaining, site selecting, managing and controlling amusement park businesses, premises, and attractions including the amusement park business, premises and attractions located at, marketed as, and otherwise known as Carowinds.

5.    Carowinds is owned and operated by Cedar Fair, L.P., doing business as the Cedar Fair Entertainment Company (NYSE: FUN), an Ohio publicly traded limited partnership headquartered in Sandusky, Ohio, with its principal place of business being One Causeway Dr., Sandusky, Ohio 44870. Its President/Chief Executive Officer is Richard A. Zimmerman. Its Chief Operating Officer is Tim Fisher. Its Executive Vice President/Chief Financial Officer is Brian C. Witherow. Its Executive Vice President/General Counsel/Corporate Secretary is Duffield E. (Duff) Milkie. Its Ohio Agent for service of process is Richard L. Kinzel, One Causeway Dr., Sandusky, Ohio 44870.

6.    Carowinds is a 407-acre amusement park. The park is located along the North Carolina-South Carolina state line, with a portion of the park located in Fort Mill, South Carolina.

7.    The August 20, 2019 incident, involving a "Mountain Gliders" attraction, and the facts and circumstances surrounding same, that are the subject herein, occurred in the portion of the Carowinds park located in Fort Mill, South Carolina. See Carowinds map attached hereto as Exhibit 1.

8.    Upon information and belief, Defendant Cedar Fair Southwest, Inc. is engaged in the business of owning, operating, constructing, installing, preparing, servicing,

2

ELECTRONICALLY FILED - 2020 Dec 21 11:16 AM - YORK - COMMON PLEAS - CASE#2020CP4603900

inspecting, maintaining, site selecting, managing and controlling amusement park busi-
nesses, premises, and attractions, including the Carowinds amusement park business,
premises and attractions located at, marketed as, and otherwise known as Carowinds
that is located along the North Carolina-South Carolina state line, with a portion of the
park also located in Fort Mill, South Carolina. Defendant Cedar Fair Southwest, Inc. is a
Delaware corporation duly organized and existing under the laws of the State of Dela-
ware.  It is authorized to do business in the State of South Carolina, with its registered
agent for service of process being Prentice Hall Corp, 508 Meeting Street, West Colum-
bia, South Carolina 29169.

9.    Defendants Cedar Fair, L.P. d/b/a Cedar Fair Entertainment Company d/b/a
Carowinds and Cedar Fair Southwest, Inc., and their agents, servants, employees, part-
ners, joint venturers, alter-egos, representatives, parents/subsidiaries and/or successor
corporations for whose acts and conduct these defendants are responsible and liable, are
hereinafter at times referred to collectively as the "Carowinds Defendants."

10.    Upon information and belief, Defendant Brian Oerling is a citizen and resi-
dent of Fort Mill, York County, South Carolina with a last known address of 1147 Spice-
wood Pines Rd., Fort Mill, SC  29708.

11.    At all times relevant herein, Defendant Brian Oerling was the Director of
Operations at Carowinds, whose duties, both individually and in any capacity as an em-
ployee, agent or servant of the Carowinds Defendants, included, but were not limited to,
keeping Defendants' business, premises, amusement park, and attractions safe.

12.    At all times relevant herein, Defendant Brian Oerling was acting individually
and also was an agent, servant and/or employee of Carowinds Defendants acting within

ELECTRONICALLY FILED - 2020 Dec 21 11:16 AM - YORK - COMMON PLEAS - CASE#2020CP4603900

the course and scope of his agency, service and/or employment of the Carowinds Defendants.

13.    Upon information and belief, Defendant Diego Davis is a citizen and resident of Rock Hill, York County, South Carolina with a last known address of 917 Neelys Creek Rd, Rock Hill, SC 29730.

14.    At all times relevant herein, Defendant Diego Davis was the ride maintenance foreman at Carowinds, whose duties, both individually and in any capacity as an employee, agent or servant of the Carowinds Defendants, included, but were not limited to, keeping Defendants' business, premises, amusement park, and attractions safe.

15.    At all times relevant herein, Defendant Diego Davis was acting individually and also was an agent, servant and/or employee of Carowinds Defendants acting within the course and scope of his agency, service and/or employment of the Carowinds Defendants.

16.    Defendants Cedar Fair, L.P. d/b/a Cedar Fair Entertainment Company d/b/a Carowinds, Cedar Fair Southwest, Inc., Brian Oerling , and Diego Davis, and their agents, servants, employees, partners, joint venturers, alter-egos, representatives, parents/subsidiaries and/or successor corporations for whose acts and conduct Defendants are responsible and liable, are hereinafter at times referred to collectively as "Defendants."

17.    The substantial acts and omissions alleged herein and the August 20, 2019 incident causing severe injuries to Plaintiff Haley Arellano occurred in York County, South Carolina. The dangerous, unsafe, defective and hazardous condition involving Defendants' amusement park attraction where the August 20, 2019 incident occurred was located in York County, South Carolina.

4

ELECTRONICALLY FILED - 2020 Dec 21 11:16 AM - YORK - COMMON PLEAS - CASE#2020CP4603900

18.    This is a negligence action brought by Plaintiffs to recover all damages suffered as a result of the failures of Defendants and their agents, servants, employees, partners, joint venturers, alter-egos, representatives, parents/subsidiaries and/or successor corporations for whose acts and conduct Defendants are responsible and liable, to keep the business, premises and amusement park known as Carowinds, and the attractions therein, in a safe condition, which ultimately caused the August 20, 2019 incident, Plaintiff Haley Arellano to suffer personal injuries, Plaintiff Marcos Arellano to suffer loss of consortium flowing from the injuries to his wife, Plaintiff Haley Arellano, and other damages, harms and losses as alleged herein, all in an amount in excess of the jurisdictional limits of this Court and all state and federal courts.

19.    This Court has personal jurisdiction over the parties to this action and subject matter jurisdiction over the claims asserted in the Complaint.

20.    Venue is proper in York County, South Carolina.

### FACTUAL BACKGROUND

21.    Plaintiffs re-allege and reincorporate the above paragraphs as if fully set forth verbatim herein.

22.    On or about August 20, 2019, Plaintiff Haley Arellano was at the business, premises, and amusement park known as Carowinds in York County, South Carolina.

23.    At said time and place, Plaintiff Haley Arellano was at Carowinds as a patron and customer, and at the benefit, of Defendants and as such was a business invitee of Defendants.

24.    At all times mentioned herein, Plaintiff Haley Arellano was acting in a prudent and lawful manner.

5

ELECTRONICALLY FILED - 2020 Dec 21 11:16 AM - YORK - COMMON PLEAS - CASE#2020CP4603900

25.    At Carowinds, Defendants owned, operated, constructed, installed, pre-pared, serviced, inspected, maintained, site selected, managed, and controlled an attrac-tion known as "Mountain Gliders." Mountain Gliders is an amusement ride commonly re-ferred to as a Flying Scooter and is known simply as a "Flyer" in the amusement park community. Hereinafter the specific ride at issue in this Complaint may be referred to as "Mountain Glider" or "Flyer."

26.    Flyers consist of a center post with free swinging buckets that Defendants require passengers to climb into when preparing for the ride. These buckets are sus-pended from arms attached to the center post. When the ride is in operation, a motor causes the arms to spin, with centrifugal forces causing the buckets to fly outwards. Each ride bucket is equipped with a large rudder, allowing riders to further control the motion of their individual bucket.

27.    Defendants' Mountain Glider was previously named Woodstock Glider, but was renamed and relocated within Carowinds by Defendants in 2018.

28.    Defendants' Mountain Glider/Flyer was manufactured in 1935 by Bisch-Rocco for another amusement park in the Northeast. Defendants purchased and moved this Flyer to Carowinds in 2004.

29.    Prior to 2004, manufacturing of all new Flyers had been assumed by Larson International who modified the ride's design to eliminate unsafe movement of the bucket.

30.    The reason for making this design modification was to create stability of the bucket and without which the attraction was unsafe making passengers at great risk of being harmed and injured.

6

ELECTRONICALLY FILED - 2020 Dec 21 11:16 AM - YORK - COMMON PLEAS - CASE#2020CP4603900

31.     Rather than purchase and install the safer alternative and standard Flyer with the new safety design, Defendants instead chose to purchase and install a Flyer at Carowinds which did not have this safety design.

32.     In 2004, when Defendants purchased and installed their unsafe 1935 Flyer, the new, safe, redesigned Flyer, was in existence

33.     Prior to August 20, 2019 incident and injuries sustained by Plaintiff Haley Arellano, Defendants had taken this unsafe ride out of operation twice but again chose to bring the unsafe Flyer out of storage rather than purchase the safer version which had been in production for more than 15 years. Defendants chose to do this because it was cheaper and less expensive to do so.

34.     This new safer version of the Flyer is used by numerous theme parks across the United States, including but not necessarily limited to: Story Land (see the "Flying Fish"), Jungle Jack's landing (see the 'Mission Macaw"), Wild Adventures (see the "Falcon Flyer"), Fun Spots America (see the "Screaming Eagles"), California's Great America (*see* the "Flying Eagles"), Hershey Park (see the "Frontier Flyers"), Indiana Beach (see the "Air Crow"), Camden Park (see the "Flying Scooters"), Castle Park (*see* the "Dragons Fly"), Six Flags Darien Lake (see the "Hornet's Nest"), Michigan's Adventure (see the "Lakeside Gliders"), Six Flags Great Escape (see the "Screamin Eagles"), Knott's Berry Farm (see the "Surfside Gliders"), Cedar Point (see the "Lake Erie Eagles"), Kentucky Kingdom (see the "Professor John's Flying Machines"), Frontier City (see the "Winged Warrior"), Dorney Park & Wildwater Kingdom (see the "Cedar Creek Flyers"), Morey's Piers (see the "Kong"), Kings Island (see the "Woodstock Gliders"), Canada's Wonderland (see the "Flying Eagles"), Valley Fair (see the "Flying Eagles"), La Ronde (see the

ELECTRONICALLY FILED - 2020 Dec 21 11:16 AM - YORK - COMMON PLEAS - CASE#2020CP4603900

"Phoenix"), Worlds of Fun (see the "Woodstock Gliders"), Six Flags Over Georgia (see the "Wonder Woman Flight School"), Dollywood (see the "Mad Mocking Bird"), and Celebration City (see the "Flying Circus").

35.    Defendants' older and unsafe version of the Flyer has been abandoned by a number of amusement parks due to its unsafe nature and safety of their patrons.

36.    Prior to August 20, 2019, Defendants, knew or should have known that their Flyer was not safe and had the ability to remove, replace, or modify, repair and maintain the Flyer in a manner that was safe and free of the dangers that it posed to their patrons, including Plaintiff Haley Arellano.

37.    On August 20, 2019, Plaintiff Haley Arellano was a patron and business invitee at Defendants' Carowinds business, premises and amusement park. At said time and place, Plaintiff Haley Arellano was going to ride Defendants' Mountain Gliders attraction. The individual seat is free swinging on metal guide wires. There was no Carowinds employee to steady the bucket and assist her while she had to climb into the bucket. There was no step stool to assist her to climb in the bucket. There was no warning sign alerting her to the pending danger. The ride was about to start. Plaintiff Haley Arellano attempted to climb into the ride. As she climbed into the bucket, the bucket was unstable, the bucket swung, and she fell backwards out of the bucket and onto the ground resulting in a right pilon/distal tibia intraarticular fracture, right distal fibula shaft fracture, right medial malleolus fracture, nerve injuries, and a number of other injuries.

ELECTRONICALLY FILED - 2020 Dec 21 11:16 AM - YORK - COMMON PLEAS - CASE#2020CP4603900

38.    As alleged herein, the actions and failures of Defendants led to Plaintiff Haley Arellano's fall causing severe injuries to Plaintiff Haley Arellano, including but not limited to several fractures in her right lower extremity, injuries to her nerves and nervous system, and the damages, harms, and losses otherwise set forth herein.

## FOR A FIRST CAUSE OF ACTION
### (Negligence/Gross Negligence/Premises Liability)

39.    Plaintiffs re-allege and reincorporate the above paragraphs as if fully set forth verbatim herein.

40.    The dangerous, unsafe, defective and hazardous condition involving Defendants' business, premises, amusement park, and Mountain Gliders attraction, and failures concerning same, were the proximate cause of the August 20, 2019 incident and Plaintiff Haley Arellano's severe injuries and Plaintiffs' damages set forth herein.

41.    At all times relevant herein, Defendants' business, premises, amusement park, and Mountain Gliders attraction were in the direct operation and control of Defendants, and their agents, servants, employees, administrators, managers, partners, joint ventures, alter-egos, representatives, parents/subsidiaries and/or successor corporations for whose acts and conduct Defendants are responsible and liable.

42.    At all times relevant herein, Defendants, and their agents, servants, employees, administrators, managers, partners, joint ventures, alter-egos, representatives, parents/subsidiaries and/or successor corporations for whose acts and conduct Defendants are responsible and liable, knew or should have known of the dangerous, unsafe, defective and hazardous condition and that it constituted a danger to members of the public who were present on the premises, including Plaintiff Haley Arellano.

ELECTRONICALLY FILED - 2020 Dec 21 11:16 AM - YORK - COMMON PLEAS - CASE#2020CP4603900

43.     At all times relevant times, Defendants, and their agents, servants, employees, administrators, managers, partners, joint ventures, alter-egos, representatives, parents/subsidiaries and/or successor corporations for whose acts and conduct Defendants are responsible and liable, owed a duty to business invitees and guests and other persons lawfully on the property, including Plaintiff Haley Arellano, of due care to own, operate, construct, install, prepare, service, inspect, maintain, site select, manage, control, warn, board, and assist with the business, premises, amusement park, and attractions, including the subject Mountain Gliders attraction, in a way that was not dangerous, unsafe, defective and/or hazardous, conduct proper and thorough safety and other inspections of the business, premises, amusement park, and attractions, including the subject Mountain Gliders attraction, in order to determine whether the business, premises, amusement park, and attractions, including the subject Mountain Gliders attraction, were safe, discover and identify risks, dangerous, unsafe, defective and/or hazardous conditions, take safety precautions to warn of, assist with, or eliminate unreasonable risks of harm, remove, replace, or repair and/or make safe such dangerous, unsafe, defective and/or hazardous conditions, and otherwise act appropriately so as to not cause injury and damage to business invitees and guests and other persons lawfully on the premises, including Plaintiff Haley Arellano.

44.     Defendants, and their agents, servants, employees, administrators, managers, partners, joint ventures, alter-egos, representatives, parents/subsidiaries and/or successor corporations for whose acts and conduct Defendants are responsible and liable, breached these duties, knew, or in the exercise of ordinary care, should have known, that an environment free of dangerous, unsafe, defective and/or hazardous conditions

ELECTRONICALLY FILED - 2020 Dec 21 11:16 AM - YORK - COMMON PLEAS - CASE#2020CP4603900

was not being provided, the safety of persons was not being attained and maintained, the business, premises, amusement park, and attractions, including the subject Mountain Gliders attraction, were not being kept in a safe and reasonable condition, and danger-ous, unsafe, defective and/or hazardous conditions existed, and otherwise failed to own, operate, construct, install, prepare, service, inspect, maintain, site select, manage, con-trol, warn, board, and assist with the business, premises, amusement park, and attrac-tions, including the subject Mountain Gliders attraction, in a way that was not dangerous, unsafe, defective and/or hazardous, conduct proper and thorough safety and other in-spections of the business, premises, amusement park, and attractions, including the sub-ject Mountain Gliders attraction, in order to determine whether the business, premises, amusement park, and attractions, including the subject Mountain Gliders attraction, were safe, discover and identify risks, dangerous, unsafe, defective and/or hazardous condi-tions, take safety precautions to warn of, assist with or eliminate unreasonable risks of harm, remove, replace, or repair and/or make safe such dangerous, unsafe, defective and/or hazardous conditions, and otherwise act appropriately so as to not cause injury and damage to business invitees and guests and other persons lawfully on the premises, including Plaintiff Haley Arellano.

45.    Defendants breached the duties set forth herein, and were otherwise negligent, negligent per se, grossly negligent, willful, wanton and reckless, and said breaches and failures were the proximate cause of, and otherwise contributed substan-tially to, Plaintiff Haley Arellano's injuries and Plaintiffs' damages set forth herein.

ELECTRONICALLY FILED - 2020 Dec 21 11:16 AM - YORK - COMMON PLEAS - CASE#2020CP4603900

46.     Defendants were negligent, negligent per se, grossly negligent, willful, wanton, and reckless and breached the duties owed in a number of ways, including but not limited to:

a. Violating the South Carolina Amusement Rides Safety Code by failing to design, construct, assemble, disassemble, maintain, warn, assist with, board, and operate an amusement device so as to prevent injuries;

b. Violating the South Carolina Amusement Rides Safety Code by operating an amusement device with a mechanical, electrical, structural, warning, assisting with, boarding design, or other defect which presented an excessive risk of serious injury to passengers;

c. Upon information and belief, violating applicable codes and industry standards;

d. Creating, maintaining, warning, assisting with, boarding, and operating danger-ous, unsafe, defective and hazardous conditions on and at the subject business, premises, amusement park, and attractions, including the subject Mountain Glid-ers attraction;

e. Overseeing the creation, maintenance, warning of, assistance with, boarding, and operation of dangerous, unsafe, defective and hazardous conditions on and at the subject business, premises, amusement park, and attractions, including the subject Mountain Gliders attraction;

f. Failing to properly and thoroughly inspect the subject business, premises, amuse-ment park, and attractions, including the subject Mountain Gliders attraction, in order to discover and identify risks and dangerous, unsafe, defective and hazard-ous conditions;

ELECTRONICALLY FILED - 2020 Dec 21 11:16 AM - YORK - COMMON PLEAS - CASE#2020CP4603900

g.  Failing to inspect and discover risks and dangerous, unsafe, defective and haz-
ardous conditions on and at the subject business, premises, amusement park,
and attractions, including the subject Mountain Gliders attraction;

h.  Failing to take safety precautions to eliminate unreasonable risks of harm and dan-
gerous, unsafe, defective and hazardous conditions on and at the subject busi-
ness, premises, amusement park, and attractions, including the subject Mountain
Gliders attraction;

i.  Failing to warn of risks and dangerous, unsafe, defective and hazardous conditions
on and at the subject business, premises, amusement park, and attractions, in-
cluding the subject Mountain Gliders attraction;

j.  Failing to properly board and assist with risks and dangerous, unsafe, defective
and hazardous conditions on and at the subject business, premises, amusement
park, and attractions, including the subject Mountain Gliders attraction;

k.  Failing to properly own, operate, construct, install, prepare, service, inspect, main-
tain, site select, manage, control, warn, board, and assist with the business, prem-
ises, amusement park, and attractions, including the subject Mountain Gliders at-
traction, so that they were not a risk and in a dangerous, unsafe, defective and
hazardous condition;

l.  Failing to properly oversee the installation and use of the subject business,
premises, amusement park, and attractions, including the subject Mountain Glid-
ers attraction, so that they were not a risk and a dangerous, unsafe, defective and
hazardous condition;

13

ELECTRONICALLY FILED - 2020 Dec 21 11:16 AM - YORK - COMMON PLEAS - CASE#2020CP4603900

m. Failing to properly safeguard against the risks and dangerous, unsafe, defective and hazardous conditions of the subject business, premises, amusement park, and attractions, including the subject Mountain Gliders attraction;

n. Failing to properly hire, train, supervise, manage, and retain Defendants' respective agents, servants, employees and/or representatives;

o. Failing to properly identify and report risks and dangerous, unsafe, defective and hazardous conditions of the business, premises, amusement park, and attractions, including the subject Mountain Gliders attraction;

p. Failing to follow generally accepted standards, regulations and legal requirements applicable to the ownership, operation, construction, installation, preparation, service, inspection, maintenance, site selection, management and control the business, premises, amusement park, and attractions, including the subject Mountain Gliders attraction;

q. Failing to use the degree of care and caution that a reasonably prudent entity would have used under the same or similar circumstances; and

r. In such other particulars that may be established in discovery and/or at the trial of this action.

47.    Defendants' negligent, negligent per se, grossly negligent, willful, wanton, and reckless conduct and breach of the duties owed to Plaintiff Haley Arellano were the direct and proximate cause of the incident and injuries and damages described herein.

ELECTRONICALLY FILED - 2020 Dec 21 11:16 AM - YORK - COMMON PLEAS - CASE#2020CP4603900

### FOR A SECOND CAUSE OF ACTION
#### (Other Liability)

48.    Plaintiffs re-allege and reincorporate the above paragraphs as if fully set forth verbatim herein.

49.    Defendants are also liable to Plaintiffs as a result of Defendants' participation in various joint ventures, parent/subsidiary relationships, and/or successor corporations.

50.    Defendants are also liable to Plaintiffs as a result of Defendants' negligent supervision and actual supervision of various joint ventures, parent/subsidiary relationships, and/or successor corporations, and their agents, servants, employees and/or representatives.

51.    Defendants are also liable to Plaintiffs as a result of the invalidity of any indemnification agreements.

52.    Defendants are also liable to Plaintiffs as alter ego of Defendants' joint ventures, parent/subsidiary relationships, and/or successor corporations, and their agents, servants, employees and/or representatives.

### DAMAGES

53.    Plaintiffs re-allege and reincorporate the above paragraphs as if fully set forth verbatim herein.

54.    As a direct and proximate cause of Defendants' negligent, negligent per se, grossly negligent, willful, wanton, and reckless conduct and breach of the duties owed to Plaintiff Haley Arellano, Plaintiff Haley Arellano has suffered damages in the form of personal injuries, bodily harm, disfigurement, physical and mental pain and suffering, emo-

ELECTRONICALLY FILED - 2020 Dec 21 11:16 AM - YORK - COMMON PLEAS - CASE#2020CP4603900

tional distress, interference with normal living, interference with enjoyment of life, impairment of health and vigor, fear of extent of injury, limitation of activities, medical expenses, lost wages, and destruction of power and capacity to labor and earn money, and permanent injuries/impairment, all past, present, and future, and all in sums in excess of the jurisdictional limits of this Court and all state and federal courts.

55.     Plaintiff Marcos Arellano, was and is the lawful spouse of Plaintiff Haley Arellano, and as a direct and proximate result of the subject incident and Defendants' negligence, gross negligence, recklessness, willfulness, wantonness, and negligence per se described herein, resulting in injuries and damages to Plaintiff Haley Arellano, has been deprived of the services, assistance, aid, society, companionship, and relations of his wife, Plaintiff Haley Arellano. Plaintiff Marcos Arellano is entitled to recover those elements of damage, such damages commonly referred to collectively as "loss of consortium," all past, present, and future, and is entitled to be compensated for these losses in excess of the jurisdictional limits of this Court and all state and federal courts.

56.     As a direct and proximate result of Defendants' negligent, negligent per se, grossly negligent, willful, wanton and reckless conduct as described herein, Plaintiffs are also entitled to punitive damages associated with the claims set forth herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray for Judgment against Defendants as follows:

1.     Judgment, including an award for actual, special, consequential, and compensatory damages, and punitive damages in an amount to be determined by the jury at the trial of this action against the Defendants, as the law may allow, for the injuries,

damages, harms and losses incurred by the Plaintiffs as set forth herein, in sums in excess of the jurisdictional limits of this Court and all state and federal courts;

2.    Pre-judgment and post-judgment interest;

3.    For costs herein expended;

4.    Trial by jury; and

5.    Any and all other proper relief to which the Plaintiffs may be entitled.

**GARY C. JOHNSON, P.S.C.**

/s/ Michael E. Liska
Michael E. Liska
SC Bar No. 102542
2265 Executive Drive
P.O. Box 55106
Lexington, KY  40505
Tel:   859-268-4300
Fax:  859-268-7318
Email: mliska@garycjohnson.com
***Counsel for Plaintiff***

December 21, 2020
Beaufort County, South Carolina

17

ELECTRONICALLY FILED - 2020 Dec 21 11:16 AM - YORK - COMMON PLEAS - CASE#2020CP4603900